**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30211 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00131-BLW-14 |
| v. | |
| JESUS SANCHEZ-CARRANZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted October 11, 2012[**]
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

Jesus Sanchez-Carranza appeals his jury conviction and sentence. Sanchez-Carranza challenges the jury verdict, asserting that the evidence was not sufficient

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to sustain a conviction for conspiracy to distribute methamphetamine beyond a reasonable doubt. He further objects to the district judge's failure to grant him a minimal participant downward adjustment under U.S.S.G. § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the jury conviction and sentence.

1.      The district court did not err in denying the motion for judgment of acquittal, because the evidence was sufficient to sustain the conviction. There was ample circumstantial and direct evidence showing that Sanchez-Carranza made an agreement with a co-conspirator to distribute methamphetamine. Specifically, Sanchez-Carranza's co-conspirator testified at trial, establishing that (1) he contacted Sanchez-Carranza to get the methamphetamine to sell to Detective Marley; (2) he received the methamphetamine from Sanchez-Carranza; and (3) he gave Sanchez-Carranza some of the money after the purchase, to pay for the methamphetamine. This same testimony also provides sufficient evidence that a jury could conclude Sanchez-Carranza knowingly and intentionally participated in the conspiracy. *See United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1097 (9th Cir. 2001) ("The evidence of [defendant's] participation in the activities of the conspiracy with knowledge of its criminal activity and an intention to further that activity takes this case out of the 'mere presence' line of authority."). Proof of an

2

overt act is not required to establish a conspiracy under 21 U.S.C. § 846. *United States v. Suarez*, 682 F.3d 1214, 1219 (9th Cir. 2012).

2.      The district court did not clearly err in denying the minimal participant downward adjustment.  To the contrary, the record clearly indicated that Sanchez-Carranza supplied the methamphetamine.  Sanchez-Carranza did not offer any evidence showing that he was substantially less culpable than his co-participant in the offenses.

**AFFIRMED.**